UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIELLE CLARK personal representative of the Estate of De'rielle Bronson, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:22-cv-02120-MPB-MJD ) |
| THE BOPPY COMPANY, LLC, et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Maintain Documents Under Seal. [Dkt. 170.] For the reasons set forth below, the motion is **DENIED**.

Plaintiffs' motion relates to Document Numbers 167, 169-1, 169-2, 169-3, and 169-4. Plaintiffs designate Defendants as the designating parties for each of these documents as the designating party pursuant to Local Rule 5-11(d)(4)(A). Defendants have filed a brief in support of the motion and proposed redacted versions of the documents as required by Local Rule 5-11(e). [Dkt. 176.]

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may

request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013) Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover, simply designating information as confidential is insufficient to permit under-seal filing, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(3).

Defendant correctly recognizes in its brief that "courts applying Local Rule 5-11 have found public disclosure would result in competitive harm where documents contain sales figures, standard operating procedures, deposition testimony pertaining to marketing plans, and internal discussions containing a company's internal opinion and strategy." [Dkt. 176 at 5.] Defendant continues:

> Here, each of the deposition transcripts that Boppy seeks to maintain under seal contain confidential business information. For example, Ms. Bartley testified (on an individual basis and on behalf of Boppy) as to Boppy's most successful products and revenue, Boppy's general sales figures, Boppy's internal strategy and

>business structure, Boppy's processes for meeting safety qualifications, Boppy's decision to voluntarily recall the Newborn Lounger (in partnership with the United States Consumer Product Safety Commission ("CPSC")), and Boppy's strategic marketing campaigns. (See Bartley Dep. Tr., 40:5-41:20, 122:2-124:23, 167:19-168:10, 185:3- 187:22, 191:4-204:21.) Ms. Hartman testified as to Boppy's revenue, Boppy's internal marketing strategies, Boppy's plan for monitoring social media posts, and how Boppy handled reaching out to customers in connection therewith. (Hartman Dep. Tr., 8:2-8, 8:14-10:22, 12:2-20:15.) And Ms. Mead testified as to Boppy's revenue, Boppy's sales figures, Boppy's annual testing performed on various products, Boppy's standard operating procedures for testing and designing its products, and Boppy's internal process for handling the voluntary recall of the Newborn Lounger conducted in partnership with the CPSC. (Mead Dep. Tr., 25:3-29:20, 58:3-59:23.) As such, a competitor or infringer of Boppy products would be afforded free public access to Boppy's confidential and internal sale information, marketing plans, and business strategies if the Confidential Materials were made public, which would directly cause competitive harm.

*Id.* at 6. However, Defendant fails to explain how publicly revealing information relating to "Boppy's decision to voluntarily recall the Newborn Lounger (in partnership with the United States Consumer Product Safety Commission ('CPSC'))" and "and Boppy's internal process for handling the voluntary recall of the Newborn Lounger conducted in partnership with the CPSC" would give Defendant's competitors the type of advantage over Defendant in the marketplace that would permit the sealing of the information, and the Court fails to see how that is the case.

Even a cursory review of the redactions demonstrates that they are grossly overbroad. Just as an example, Defendant has redacted testimony from the deposition of Nancy Bartley that consists of describing the warnings that were given on one of Defendant's products. *See* [Dkt. 176-2 at 18-19.] There is no universe in which that information is sealable. Nor is information about what Defendant may or may not have known about how its product was being used or what information Defendant relied upon in deciding to recall its product.

The parties were warned at the outset of this case that "[o]ver-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal." [Dkt. 30 at 1;

Dkt. 84 ¶ VIII(A).] The Court declines to conduct a line-by-line analysis of Defendant's clearly overly broad redactions. The motion to seal is **DENIED**. The **Clerk is directed** to **UNSEAL** Document Numbers 167, 169, 169-1, 169-2, 169-3, and 169-4.

If Defendant wishes to move to reconsider this ruling, it must limit its redactions to the type of information that would cause it **competitive harm** because it would reveal its trade secrets or confidential strategic or sales information that could be used by its competitors in the marketplace. Such redactions must be made on a **word-by-word basis**, redacting only those words necessary to protect the secret information and no more.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Federal Rule of Civil Procedure 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated: 5 SEP 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.